IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZHENLU ZHANG                 :

                                   :

    v.                        : Civil Action No. DKC 2006-3001

                                     :

SCIENCE AND TECHNOLOGY
  CORPORATION, ET AL.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case are ten motions. Each Defendant, J.C. Miller, Computer Science Corporation, Science and Technology Corporation, and National Oceanographic and Atmospheric Administration, filed a motion to dismiss, papers 14, 16, 21, and 24, respectively. Plaintiff Zhenlu Zhang also filed the following: "motion for requisition of perjury must be [punished]" (paper 26); motion to supplement paper 26 (paper 31); motion for "requisition of slanders, perjuries, frauds, contempts of court and new retaliations must be punished" (paper 38); motion for defendants to respond (paper 41); motion for summary judgment (paper 44); and motion for contempt of court (paper 45). The issues are briefed and the court now rules, no hearing being deemed necessary. For the reasons that follow, Defendants' motions to dismiss will be granted and Plaintiff's motions will be denied.

I.  **Background**

In February 2004, Plaintiff Zhenlu Zhang filed a complaint against Defendants Science and Technology Corporation ("STC") and

Computer Science Corporation ("CSC"), alleging age discrimination, retaliation, and civil rights violations. *See Zhang v. Science and Technology Corp.*, Civil Action No. DKC-04-434 (D.Md.) ("prior litigation"). On August 10, 2005, this court granted summary judgment to both Defendants. The United States Court of Appeals for the Fourth Circuit affirmed the judgment on April 5, 2006, and the Supreme Court of the United States denied *certiorari* on January 8, 2007.

On November 14, 2006, Plaintiff, proceeding *pro se*, filed a new complaint in this court, alleging slander and criminal perjury against Defendants STC, CSC, National Oceanographic and Atmospheric Administration ("NOAA"), and attorney J.C. Miller, who represented STC in the prior litigation. (Paper 1). On November 29, 2006, this court entered an interlocutory Order dismissing the criminal perjury claims because, as a private citizen, Plaintiff lacked standing to criminally prosecute the Defendants. (Paper 2). The court permitted Plaintiff's tort claim for slander to proceed and directed Defendants to respond to his complaint.

Plaintiff's complaint is often unclear and difficult to understand. It appears that his claim for slander arises out of statements Defendants made during the course of defending the prior litigation. (*See* paper 2, at 1). In particular, it seems Plaintiff objects to the characterization, by STC and Ms. Miller, of his presentation of a Chinese pastry to Barbara Banks, a NOAA

official, as a "bribe" and in contravention of STC's rules of conduct. (Paper 1, at 5 & 8). It also seems Plaintiff objects to Ms. Banks's statement that he may be a danger to himself or other employees.[1] (Paper 1, at 15-17).

In their individual motions to dismiss, Defendants Miller, STC and CSC essentially make the same arguments. They argue that Plaintiff's claim is barred by the statute of limitations; even if it were not barred, statements made during litigation enjoy an absolute privilege; and Plaintiff is barred by the doctrines of *res judicata* and collateral estoppel from attempting to relitigate claims and issues that were fully determined in the prior litigation.[2] NOAA, in addition to adopting its co-defendants' arguments, asserts that this court lacks subject matter jurisdiction over all claims against it because it has not waived sovereign immunity.

---

[1] Specifically, Plaintiff notes that during her deposition, Ms. Banks responded affirmatively to the question: "Essentially you were afraid that Mr. Zhang could show up any day with a gun?" (Paper 1, at 17).

[2] In its motion to dismiss, CSC also requested attorney's fees in the amount of $1,500 as a sanction for filing a frivolous complaint. It does not appear that CSC followed the procedure set out in Fed.R.Civ.P. 11 for seeking such a sanction. Its request for fees is denied.

## II.  Standards of Review

### A. 12(b)(1) - Lack of Subject Matter Jurisdiction

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond*, 945 F.2d at 768.

### B. 12(b)(6) - Failure to State a Claim

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified

pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.   *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed. R. Civ. P. 8(c) and is not usually an appropriate ground for dismissal.  *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D. Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D. Md. 2002).  However, dismissal is proper "when the face of the complaint clearly reveals the

5

existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996). *See* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 714 (3rd ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

## III.  Sovereign Immunity

NOAA is an agency within the United States Department of Commerce.  In order to bring a suit against the United States or one of its instrumentalities, there must be a waiver of sovereign immunity.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484 (1994).  NOAA moves to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), because it has not waived sovereign immunity with respect to Plaintiff's claim for slander and, thus, this court lacks subject matter jurisdiction.  The Supreme Court has often reiterated that when the United States asserts sovereign immunity as a challenge to a claim asserted against it, it is a jurisdictional challenge. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (holding that "the existence of consent [to be sued] is a prerequisite for jurisdiction"); *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

Plaintiff has sued for slander, a common law tort, and thus must proceed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  Under the FTCA, the United States's limited waiver of sovereign immunity does not apply to slander.  "[28 U.S.C. §] 2680(h) exempts from the FTCA's waiver of sovereign immunity, '[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights. . . .'"  *Andrews v. United States*, 441 F.3d 220, 226 n.6 (4th Cir. 2006).  The United States has not waived sovereign immunity for slander, thus Plaintiff's claim for slander against NOAA will be dismissed for lack of subject matter jurisdiction. *See Hoffmann v. United States*, 1999 WL 417830, *2 (4th Cir. 1999) (unpublished disposition) (dismissing United States as a defendant in a defamation suit); *Johnson v. Carter*, 983 F.2d 1316, 1323 n.9 (4th Cir. 1993) (same), *overruled on other grounds by*, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995)).

## IV.  Motions to Dismiss

Defendants Miller, CSC, and STC move to dismiss pursuant to 12(b)(6), arguing that Plaintiff's claim for slander must be dismissed because the allegedly slanderous statements are entitled to absolute privilege and the suit is barred by the applicable statute of limitations.  Plaintiff has not formally opposed Defendants' motions, although he has had ample time in which to

respond.  The deadline for responding to the most recent motion to dismiss passed on March 19, 2007.

In tort cases, Maryland applies the law of the state where the harm occurred.  *McGaw v. Biovail Pharms., Inc.*, 300 F.Supp.2d 371, 374 (D.Md. 2004) (citing *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999)).  In defamation actions the location of the harm is "the place where the defamatory statements were published to third parties."  *Id.* (citing *Wells*, 186 F.3d at 521).  All parties agree that the substantive legal issues in this case are governed by Maryland law.

Under no circumstances may Plaintiff sue for allegedly slanderous statements made in connection with an ongoing judicial proceeding.

> At least since 1888, when this Court decided *Hunckel v. Voneiff*, 69 Md. 179, 14 A. 500 (1888) and *Bartlett v. Christhilf*, 69 Md. 219, 14 A. 518 (1888), we have recognized the existence of an absolute privilege for defamatory statements uttered in the course of a trial or contained in pleadings, affidavits or other documents directly related to the case.  This privilege operates in favor of the judge, as well as the witnesses, counsel, and parties to the litigation.  Our interpretation of the privilege has consistently been broad and comprehensive in recognition of the sound policy announced in *Bartlett, supra*, 69 Md. at 226: to foster "the free and unfettered administration of justice."  We accepted the minority or "English" rule which afforded the absolute privilege to witnesses and parties without the necessity of demonstrating the relevance of the statement to the pending litigation.  *See Korb v. Kowaleviocz*, 285 Md. 699, 402 A.2d 897 (1979).  In *Adams v. Peck*,

> 288 Md. 1, 415 A.2d 292 (1980) we approved the
> application of an absolute privilege to a
> defamatory statement published in a document
> prepared for possible use in connection with a
> pending judicial proceeding, even though not
> filed in the proceeding.  And, in *Gersh v.
> Ambrose*, 291 Md. 188, 434 A.2d 547 (1981) we
> said that the absolute privilege may be
> extended to witnesses testifying in certain
> types of administrative proceedings.  We do
> not here retreat from the broad view we have
> taken of the necessary scope and effect of
> this important privilege.

*Keys v. Chrysler Credit Corp.*, 303 Md. 397, 403-404 (1985).  The allegedly defamatory statements in this case were made either in a deposition taken in preparation for trial (paper 1, at 15) or in written memoranda submitted to the court (*id*. at 8).  These statements are clearly protected by the judicial proceedings privilege.

Even in the absence of this absolute privilege, Plaintiff's claims would be procedurally barred because he filed beyond the statute of limitations.  Maryland has a one-year limitations period for filing a claim for slander.  "An action for assault, libel, or slander shall be filed within one year from the date it accrues." Md. Code Ann., Cts & Jud. Proc. § 5-105.  A cause of action for defamation, and its subparts, slander and libel, accrues upon the

publication of the defamatory material.[3]  *Shepard v. Nabb*, 84
Md.App. 687, 696 (1990).

The allegedly slanderous statements were made at different
times during the course of the prior litigation.  The precise date
each statement was made is not clear.   However, because the
statements were made during the prior litigation, and that
litigation ended on August 10, 2005, when this court granted
summary judgment, it is certain that the statements were made on or
before August 10, 2005.  Plaintiff filed the instant lawsuit on
November 14, 2006, more than one year after any of the statements
were made.  Thus, Plaintiff's claim for slander is also barred by
the applicable statute of limitations.

## V.  Other Motions

Plaintiff has filed a series of "motions" since Defendants
filed their motions to dismiss, *see* papers 26, 31, 38, 41, 44, and
45.  Defendants have declined to respond to Plaintiff's filings
unless directed to do so by the court.  The court has not directed
any responses.

Paper 26 appeals the court's Order dismissing Plaintiff's
criminal perjury claim and paper 31 essentially reiterates those
arguments.  The Order dismissing Plaintiff's criminal perjury claim

---

[3]  If there is evidence that the plaintiff did not know of the
offending remarks, Maryland applies the "discovery" rule which
allows the action to accrue upon the date when the plaintiff "knew
or reasonably should have known" of the wrongful act.  *See Sears,
Roebuck & Co. v. Ulman*, 287 Md. 397, 401 (1980).

was an interlocutory Order, and thus the court has discretion to reconsider it at any time prior to final judgment. "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). This is because a district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when it is warranted. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); *cf.* Fed.R.Civ.P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). This power is committed to the discretion of the district court. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The court's Order of November 29, 2006, dismissed Plaintiff's criminal perjury claims based on the well-settled principle that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The court will exercise its discretion to decline

11

reconsideration of this ruling. Accordingly, papers 26 and 31 will be denied.

Paper 38 attempts to amend Plaintiff's complaint to add Ms. Banks as a defendant, to re-litigate his age discrimination and retaliation claims, and, again, to proceed with the criminal perjury claims. Papers 41 and 45 ask the court to direct Defendants to respond to paper 38. Plaintiff will not be permitted to add Ms. Banks, a NOAA employee, as a defendant. The claim against NOAA arises under the FTCA, which immunizes a federal employee from liability for "negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [her] office or employment." 28 U.S.C. § 2679. When a federal employee is sued in tort, the United States Attorney for that district must certify whether the employee was acting within the scope of her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). If the United States Attorney certifies that the employee acted within the scope of her employment, then (1) the United States is substituted as a defendant; (2) suits filed in state court must be removed to federal court; and (3) the plaintiff may sue the United States only in accordance with the FTCA. *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997). Because Ms. Banks was not named as an individual defendant, the United States government has not certified her as acting within the scope of her employment, although it intends to do so if required by subsequent proceedings.

(Paper 24, at 2 n.3).   If Plaintiff were permitted to add Ms. Banks as a defendant, he would encounter the same jurisdictional barrier of sovereign immunity that is fatal to his claim against NOAA. Additionally, in the prior litigation, the court finally adjudicated Plaintiff's age discrimination and retaliation claims, and he will not be permitted to amend his complaint to reassert those claims.   Accordingly, paper 38, the motion to amend, will be denied and papers 41 and 45, the motions to demand responses, will be denied as moot.

Finally, paper 44, although titled "motion for summary judgment" is actually a motion to schedule a hearing.   Because this Memorandum Opinion and accompanying Order will adjudicate all pending motions, a hearing is unnecessary and paper 44 will be denied as moot.

## VI.  Conclusion

For the foregoing reasons, Defendants' motions to dismiss will be granted and Plaintiff's motions will be denied.   A separate Order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```